**SECURITIES AND EXCHANGE COMMISSION, Plaintiff,**

**v.**

**Daniel LAMBERT, John Pape, James Verrillo, and Gerard Verrillo, Defendants.**

**No. 98–2280–CV.**

United States District Court, S.D. Florida.

Feb. 24, 1999.

Mitchell Herr, Securities & Exchange Commission, Miami, FL, Ronald Shindler, Miami, FL, for plaintiff.

Mark C. Perry, Ft Lauderdale, FL, Jeffrey Crockett, Miami, FL, for defendants.

## ORDER DENYING DEFENDANTS JAMES AND GERARD VERRILLO'S MOTION TO DISMISS

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court on Defendants' Motion To Dismiss, filed October 21, 1998. Plaintiff submitted a response on November 18, 1998, to which Defendant replied on December 1, 1998.

### I. Factual Background

On October 8, 1996, Defendant Lambert and his father allegedly began discussions with certain principal officers of Vacation Break, a Florida corporation, regarding a possible merger of Vacation Break with various entities controlled by the Lamberts, including the Berkley Group. *See* Compl., at ¶ 12. On November 27, 1996, Vacation Break allegedly announced publicly that it had reached a definitive merger agreement with the Berkley Group and other Lambert entities. *See id.* at ¶ 13. As a result of this public announcement, at the end of the day on November 27, 1996, Vacation Break securities allegedly closed at $16.75 per share, an increase of $6.00 (56%) from the previous day's trading price. *See id.* at ¶ 14. The knowledge of Vacation Break's proposed merger with the Berkley Group prior to the public announcement thereof allegedly constituted material, non-public information.

Defendant James Verrillo allegedly has been the exclusive marketing agent for a wholly-owned subsidiary of the Berkley Group since approximately 1994. *See id.* at ¶ 25. When the merger was being negotiated, Defendant James Verrillo was also working for Vacation Break under a contract that had been approved by the Berkley Group. *See id.* As such, Defendant James Verrillo allegedly was in contact with the principals of both organizations that were embroiled in merger negotiations. *See id.* at ¶ 26. Defendant Gerard Verrillo is the father of Defendant James Verrillo and allegedly also was familiar with Vacation Break. *See id.* at ¶¶ 27–28.

On November 25, 1996, Defendant James Verrillo allegedly attended a Miami Dolphins football game in a corporate suite at Pro Player Stadium in Miami–Dade County, Florida with certain unspecified principals involved in the merger negotiations. *See id.* at ¶ 29. At this event, Defendant James Verrillo allegedly was told material, non-public information about Vacation Break, allegedly by an insider of Vacation Break or by an individual owing a duty of trust and confidence to the Berkley Group. *See id.* at ¶ 30. On November 26, 1996, Defendant James Verrillo allegedly made unprecedented purchases of Vacation Break stock without disclosing to the seller(s) any information about the possible merger of Vacation Break with the Berkley Group. *See id.* at ¶¶ 31, 35. Together, Defendant allegedly purchased approximately 27,000 shares of Vacation Break stock for a total price of $294,067. *See id.* On that same day, Defendant James Verrillo allegedly spoke to Defendant Gerard Verrillo several times over the telephone, allegedly communicating the material, non-public information in violation of his duty not publicly to disclose that information or to abstain from trading or tipping. *See id.* at ¶¶ 32–33. As a result, Defendant Gerard Verrillo allegedly made unprecedented purchases of approximately 12,000 shares of Vacation Break stock at a price of approximately $130,000 without disclosing to the seller(s) any information about the possible merger of Vacation Break with the Berkley Group. *See id.* at ¶¶ 34, 36. After the announcement of the merger, Defendant James Verrillo sold his Vacation

Break stock at a profit of approximately $275,920; Defendant Gerard Verrillo allegedly did the same, at a profit of approximately $17,000. *See id.* at ¶¶ 39–40.

Plaintiff alleges that Defendant James Verrillo's purchase of Vacation Break stock was made either (i) while he knew or recklessly disregarded that he had obtained material, non-public information as a result of a breach of a fiduciary or similar duty of trust and confidence owed to Vacation Break and its shareholders, or (ii) while he knew or recklessly disregarded that he had obtained such information through misappropriation or breach of fiduciary or similar duty of trust and confidence to the Berkley Group. *See id.* at ¶ 37. Plaintiff alleges that Defendant Gerard Verrillo's purchase was made while he knew or recklessly disregarded that he had obtained material, non-public information as a result of a breach of a fiduciary or similar duty of trust and confidence owed to an unspecified party. *See id.* at ¶ 38. In doing so, Plaintiff charges Defendants James and Gerard Verrillo with insider trading as tippees, in violation of Section 10(b) of the Securities Exchange Act [15 U.S.C. § 78j(b) ] and Rule 10b–5 [17 C.F.R. § 240] thereunder. *See id.* at ¶¶ 42–43. Plaintiff seeks (a) a declaration that the Verrillo Defendants violated the federal securities laws, (b) a permanent injunction enjoining the Defendants from violating Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b) ] and Rule 10b–5 [17 C.F.R. § 240], (c) disgorgement of all of their profits, plus prejudgment interest, and (d) a civil penalty of three times their profits. *See id.* at 12–13.

## II. Legal Standard

A motion to dismiss will be granted only where it is clear that no set of facts consistent ·with the allegations could provide a basis for relief. "It is well established that a complaint should not be dismissed for failure to state a claim pursuant to Fed. R.Civ.Pro. 12(b)(6) 'unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.' " *Bradberry v. Pinellas County,* 789 F.2d 1513, 1515 (11th Cir.1986) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). For purposes of a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all facts alleged by the plaintiff. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Little v. City of N. Miami,* 805 F.2d 962, 965 (11th Cir.1986) (citation omitted).

## III. Analysis

In their Motion, the Verrillo Defendants put forth three arguments for why the Complaint should be dismissed under Rule 12(b)(6), for failure to state a cause of action upon which relief may be granted. *See* Defs.' Mot., at Part I. They also argue that the Complaint should be dismissed under Rule 9(b), for failure sufficiently to plead the circumstances allegedly constituting fraud. *See id.,* at Part II. In its Response, Plaintiff disputes all four grounds for dismissal proffered by the Verrillo Defendants.

### A. *The Verrillo Defendants' Rule 12(b)(6) Motions*

### 1. *First Ground*

■ The Verrillo Defendants argue that neither of them were in a fiduciary or other such relationship of trust and confidence either with Vacation Break or the Berkley Group. *See* Defs.' Mot., at Part I. Absent a showing that they had such a duty, the Verrillo Defendants argue that there is no basis for liability under classical insider trading theory. *See id., citing United States v. O'Hagan,* 521 U.S. 642, 117 S.Ct. 2199, 138 L.Ed.2d 724 (1997). Since they understand the law to hold be that there is no violation of the federal securities laws for nondisclosure of information in the absence of a fiduciary relationship, they argue that Plaintiff's cause

of action cannot stand. *See id., citing Chiarella v. United States,* 445 U.S. 222, 235, 100 S.Ct. 1108, 63 L.Ed.2d 348 (1980).

Plaintiff maintains that since it charges the Verrillo Defendants with tippee—rather than insider—liability, it need not allege that the they were in a fiduciary or other such relationship of trust and confidence with Vacation Break or the Berkley Group. *See* Pl.'s Resp., at Part I.C. In effect, Plaintiff concedes the Verrillo Defendants' argument that Plaintiff has alleged no basis for liability under classical insider trading theory. Plaintiff maintains that it never intended to allege such basis, and that the Complaint clearly alleges only tippee liability against the Verrillo Defendants. *See id.*

The Court reads the Complaint only to charge the Verrillo Defendants with tippee liability. *See* Compl., at ¶¶ 37–38. As such, the Verrillo Defendants' argument that the Complaint should be dismissed for failure to allege that they had a fiduciary duty is unavailing. The Court cannot dismiss what is not present; since Plaintiff did not allege liability on the basis of classical insider trading theory, such a cause of action cannot be dismissed. As such, the Verrillo Defendants' first ground for Rule 12(b)(6) dismissal is denied.

### 2. *Second Ground*

The Verrillo Defendants also argue that, because it fails to allege that James Verrillo—the alleged tippee—had any duty of confidentiality and/or loyalty to the person who allegedly told him the allegedly material, non-public information, the Complaint fails to state a tippee misappropriation claim upon which relief can be granted. *See* Defs.' Mot., at Part I, *citing O'Hagan,* 117 S.Ct. at 2207.

Plaintiff argues that the Verrillo Defendants misread the law as to tippee liability. Plaintiff argues that the law does not require that the tippee owe a fiduciary duty to the tipper; rather, the law merely requires that the tippee know or recklessly disregard that the tipper breached a fiduciary duty in imparting the material, non-

public information. *See* Pl.'s Resp., at Part I.C.; *see also* Part I.A.

Plaintiff correctly explicates the law of tippee liability. A tippee is liable only when the inside tipper breached a fiduciary duty in disclosing the material, non-public information, and the tippee knew or recklessly disregarded the fact that the tipper breached a fiduciary duty. *See S.E.C. v. Adler,* 137 F.3d 1325, 1333 (11th Cir.1998), *citing Dirks v. S.E.C.,* 463 U.S. 646, 662, 103 S.Ct. 3255, 77 L.Ed.2d 911 (1983). Since a tippee's duty is derivative from the insider's, the law does not require that the tippee also owe and violate a fiduciary duty to the tipper. As such, the Court must deny the Verrillo Defendants' second ground for Rule 12(b)(6) dismissal.

### 3. *Third Ground*

Finally, the Verrillo Defendants argue that James Verrillo's actions do not satisfy the requirements to state a claim for tippee liability in that the Complaint does not allege either that the individual who told him the allegedly material, non-public information expected a personal benefit from doing so, or that James Verrillo knew or should have known that that individual made his statements in violation of a fiduciary duty. *See* Defs.' Mot., at Part I, *citing Dirks,* 463 U.S. 646, 103 S.Ct. 3255, 77 L.Ed.2d 911.

Plaintiff counters the Verrillo Defendants' third argument for Rule 12(b)(6) dismissal on both fronts. First, Plaintiff argues that the question of the tipper's personal benefit goes only to the question of whether the disclosure of material, non-public information was in breach of a fiduciary duty, and not to the ultimate question of the tippee's liability. *See* Pl.'s Resp., at Part I.C. Plaintiff reasons that its allegation that the tipper breached a fiduciary duty in disclosing the material, non-public information subsumes the allegation of personal benefit, which is merely a necessary finding in determining whether the tipper indeed breached a fiduciary duty.

*See id.* Second, Plaintiff argues that the Complaint indeed does allege that James Verrillo knew or should have known that the tipper's disclosure was in violation of a fiduciary duty. *See id.*

The Verrillo Defendants' argument that Plaintiff fails to state a claim for tippee liability because it fails to allege that the tipper expected a personal benefit from the disclosure ultimately must fail. Plaintiff indeed has set forth a viable claim for tippee liability; the issue of personal benefit is relevant only to one part of the test for tippee liability. Construing the Complaint in the light most favorable to Plaintiff, as the Court must, the Complaint does set forth a tippee liability claim because it alleges both that the insider breached a fiduciary duty and that James Verrillo knew or recklessly disregarded that fact. With respect to the Verrillo Defendants' second subargument, Plaintiff correctly notes that the Complaint very clearly alleges that James Verrillo knew or should have known that the tipper's disclosure was made in violation of a fiduciary duty. *See* Compl., at ¶ 37. As such, the Court will deny the Verrillo Defendants' third and final ground for Rule 12(b)(6) dismissal for failure to state a claim upon which relief can be granted.

### B. *The Verrillo Defendants' Rule 9(b) Motion*

In their Motion, the Verrillo Defendants also argue that the Complaint should be dismissed for failure sufficiently to plead the circumstances allegedly constituting fraud. *See* Defs.' Mot., at Part II, *citing* Fed.R.Civ.Pro. 9(b). In particular, the Verrillo Defendants argue that the following necessary allegations are missing from Plaintiff's Complaint: the identity of the tipper, the nature of the allegedly material, non-public information, and the factual circumstances surrounding the alleged tip. *See id.*

In its Response, Plaintiff argues that it has alleged all the details surrounding the disclosure of material, non-public information except for those that, due to their very nature as a result of unrecorded interpersonal communication, are solely within the Defendants' (the tipper and the tippee) province. *See* Pl.'s Resp., at Part II.A. Plaintiff points out that the Complaint alleges the date of the tip, its concern with the Vacation Break merger, and the category of persons who allegedly tipped James Verrillo. *See* Pl.'s Resp., at Part II.B. Furthermore, Plaintiff notes that its allegations detailing why the trades at issue were fraudulent, as well as the time and amounts of such trades, together sufficiently plead the circumstances of the alleged fraud. *See id.* Plaintiff argues that, although the Verrillo Defendants have been able to hypothesize various legal explanations for the events in dispute, the Complaint sufficiently alleges factual circumstances that constitute tippee liability. *See id.; see also* Defs.' Mot., at Part II.; Defs.' Reply, at 4.

█ With respect to the necessary allegations the Verrillo Defendants specifically argue are absent from the Complaint, the Court notes that the Complaint does state that the allegedly material, non-public information was about the proposed merger between Vacation Break and the Berkeley Group. *See* Compl., at ¶ 14. Furthermore, the Complaint alleges the where, when, and how surrounding the alleged disclosure of the what (the material, non-public information). *See id.* at ¶¶ 29–30. While it is true that the Complaint does not particularly name the alleged tipper, it has offered a limited set of persons whom that may be and has sufficiently pled various other factual circumstances that would constitute fraud. As such, the Verrillo Defendants' Rule 9(b) motion to dismiss also must be denied.

### IV. Conclusion

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Defendants James and Gerard Verrillo's Motion To Dismiss be, and the same is hereby, DENIED. Defendants James and

Gerard Verrillo shall have ten (10) days from the date of this Order in which to respond to Plaintiff's Complaint.

DONE and ORDERED in chambers at the James Lawrence King Federal Justice Building and United States District Courthouse, this 23rd day of February, 1999.